UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
March 16, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Zachary Industrial, Inc., § § Plaintiff, § § versus § § Three Phase Line Construction, § § Defendant. § | Civil Action H-17-3751 |

# Opinion on Summary Judgment

1. *Background.*

In 2014, Exelon Corporation hired Zachary Industrial, Inc., to expand its Colorado Bend power station. Exelon also hired MasTec, Inc., to do a switchyard tie-in for the project. MasTec hired its subsidiary, Three Phase Line Construction, Inc., to do the tie-in.

From December 8 to December 12, 2016, Three Phase did the tie-in, which required connecting transmission cables to the bushings on the transformers at the plant.

On January 18, 2017, GSU 8001 transformer exploded during a thunderstorm.

On December 12, 2017, Zachary sued Three Phase for the explosion. Three Phase has moved for summary judgment arguing that Zachary does not have sufficient evidence to support its claim. Three Phase will prevail.

2. *Negligence.*

To succeed on a negligence claim, Zachary must show that: (a) Three Phase owed it a duty, (b) that was breached, and (c) that caused Zachary's injury.

It is undisputed that Three Phase had a duty to tie the cables to the transformer with reasonable workmanlike care. The explosion of the transformer damaged Zachary. This case focuses on whether Three Phase breached its duty causing the damage.

Zachary says that: (a) while Three Phase was doing the tie-in over the 8001 transformer, one of its workers dropped a nickel-coated tool that punctured the transformer; (b) during the storm, water entered the hole; and (c) the water caused the transformer to fail and explode.

Zachary supports its theory by saying that: (a) only Three Phase worked above the transformer, (b) there was ample opportunity over the five days for a tool to have been dropped, (c) there was no hole before Three Phase worked above the transformer, and (d) Three Phase used tools.

Zachary has no direct evidence and attempts to support its claim with circumstantial evidence connected by shaky and untested assumptions. It has given no facts to suggest that Three Phase dropped a tool. Zachary cannot even identify a single tool that Three Phase used that could have punctured the transformer. Zachary's technicians did not test to see if the tools could have created the hole, or that Three Phase's tools were nickel-coated.

Testing by Three Phase's technician suggests it was more plausible a dropped tool would not have punctured the transformer. Zachary challenges – not by running its own tests – but by saying Three Phase did not test the same piece from the transformer. Zachary confuses the burden of proof in this case. Zachary brought the lawsuit, so its responsibility is to prove its case – not the reverse. Zachary also had access to the exact piece from the transformer, and its complaining about potential costs does not flip the burden. Zachary's failure to prove its own case does not create a fact issue.

Zachary has tried to counter Three Phase's alternative hypotheses. Three Phase proposes that one of Zachary's own workers or cranes could have dropped a tool over the transformer. Zachary's counter is that it has "tool tethering policies" that prevent this from happening. Zachary otherwise gives no evidence to prove this did not happen. Just saying that the policies exist does not mean

they were followed, and accidents happen. Zachary again confuses the burden of proof and continues to make assumptions to prove its case.

Three Phase also points out that Zachary should have checked before it energized the transformer on December 15, 2021 – after Three Phase had completed its work and before the explosion. This check would have identified the hole before the explosion. Zachary admits to not having inspected the transformer before energizing. It defends itself by saying it is not the custom or practice of the industry to do these checks. Zachary further seems to desire to disregard the burden of proof and only weakens its case more.

Because Zachary cannot show a breach by Three Phase or causation, its claim fails.

3.  *Conclusion.*

Zachary Industrial, Inc., will take nothing from Three Phase Line Construction, Inc.


Signed March  16, 2021, at Houston, Texas.


Lynn N. Hughes
United States District Judge